IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARVIN D. MILLER, MARVIN D. MILLER, JR.
and PEGGY HANSEN,

Plaintiffs,

v.                                                                                          No. 13-00935-DRH

HIGHLAND PARK CVS, LLC., d/b/a CVS PHARMACY
#6832 AND PHARMACIST JANE DOE,

Defendants.

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

### I. Introduction and Background

Pending before the Court is plaintiffs' motion to remand (Doc. 11). Defendants filed an opposition to the motion (Doc. 17). Based on the following, the Court grants the motion to remand.

On June 7, 2013, plaintiffs Marvin D. Miller, Marvin D. Miller and Peggy Hansen filed a six count complaint against CVS/Pharmacy, LLC and Pharmacist Jane Doe in the Madison County, Illinois Circuit Court (Doc. 2-1). This case arises out of the negligent filling of plaintiff Marvin D. Miller's prescription medicine at the CVS Pharmacy in Alton, Illinois on August 29, 2011. The complaint alleges negligence and loss of consortium against defendants. On August 8, 2013, plaintiffs filed a first amended complaint against Highland Park CVS, LLC, d/b/a CVS Pharmacy #6832 and Pharmacist Jane Doe (Doc. 2-2). The first amended

complaint also contains claims of negligence and loss of consortium. On September 11, 2013, defendant Highland Park CVS, L.L.C., removed the case to the Court based on diversity jurisdiction, 28 U.S.C. § 1332 (Doc. 2). Thereafter, plaintiffs moved to remand arguing that the Court lacks subject matter jurisdiction because the residency of the Jane Doe is not known at this time and will not be known until the parties conduct discovery. Plaintiffs maintain that Jane Doe is potentially an in state citizen. Defendants oppose remand arguing that the citizenship of an unknown or fictitious defendant should not be considered when determining diversity jurisdiction.

## II. Analysis

The removal statute, 28 U.S.C. § 1441, is construed narrowly, and doubts concerning removal are resolved in favor of remand. *See Doe v. Allied–Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). The party seeking removal has the burden of establishing federal jurisdiction. *Id*. "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Id.* Put another way, there is a strong presumption in favor of remand. *See Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir. 1976).

The statute regarding diversity jurisdiction, 28 U.S.C. § 1332, requires complete diversity between the parties plus an amount in controversy which exceeds $75,000, exclusive of interest and costs. Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entertainment Co.*,

106 F.3d 215, 217 (7th Cir. 1997) (citations omitted).

Here, the Court finds that defendant has not met its burden to establish that diversity jurisdiction exits as the notice of removal is based on a misrepresentation. In its notice of removal, defendant asserts that plaintiffs Marvin D. Miller and Marvin D. Miller are residents and citizens of Illinois and cites to plaintiffs' first amended complaint to support these assertions. However, this is a misrepresentation as plaintiffs' first amended complaint does not allege citizenship of the Millers; it only alleges residency. Specifically, the first amended complaint alleges: "That all times mentioned herein the plaintiff, Marvin D. Miller, was a resident of Alton, Madison County, Illinois. …. That Marvin D. Miller, Jr., is the son of plaintiff Marvin D. Miller, and resides at 5213 Pin Oak Drive, Alton, Madison County, Illinois." (Doc. 2-2, ¶¶ 1, 13 & 15). Residency is not enough to establish diversity jurisdiction. *See Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002)(residence and citizenship are not synonyms and it is the later that matters for the purpose of diversity jurisdiction)(citations omitted). The the Court does not "know" two of the named plaintiffs' citizenships, so the existence of complete diversity cannot be established. These jurisdictional defects destroy the possibility of diversity jurisdiction and warrant remand. Thus, the notice of removal does not establish diversity jurisdiction, and, the Court lacks subject matter jurisdiction.

### III. Conclusion

Accordingly, the Court **GRANTS** plaintiff's motion to remand (Doc. 11). Pursuant to 28 U.S.C. § 1447(c), the Court **REMANDS** this case to the Madison County, Illinois Circuit Court for lack of subject matter jurisdiction. Further, the Court **DENIES** as moot the following pending motions (Docs. 5 & 18).

**IT IS SO ORDERED.**

Signed this 14th day of November, 2013.

Digitally signed by
David R. Herndon
Date: 2013.11.14
14:09:22 -06'00'

**Chief Judge
United States District Court**